UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2020

---

MARCUS AYUSO,

                                Plaintiff,

      -against-

DR. R. BENTIVEGNA and CORRECTION
OFFICER T. SAWYER,

                                Defendants.

---

18-CV-3419 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's request, dated February 4, 2020, for the appointment of *pro bono* counsel. (ECF No. 39.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation,

the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

In his application, Plaintiff notes that he lacks legal knowledge and that it has been difficult for him to handle the case thus far. However, this action is still in its early stages. Defendants have not yet had the opportunity to respond to Plaintiff's Amended Complaint. (*See* ECF No. 40.) This case is still in its infancy, as the parties have yet to enter discovery or make summary judgment motions. At this early stage in the proceedings, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's application must be DENIED without prejudice to renew it at a later stage in the proceedings.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service on the docket.


Dated: February 25, 2020                    SO ORDERED:
      White Plains, New York

                                        NELSON S. ROMÁN
                                   United States District Judge