UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/25/2022
```

MARCUS AYUSO,

                Plaintiff,

-against-

CORRECTION OFFICER T. SAWYER,

                Defendant.

18 Civ. 3419 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

    On November 28, 2018, Plaintiff Marcus Ayuso, proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this 42 U.S.C. § 1983 action against Defendants Superintendent Thomas Griffin, Dr. R. Bentivegna, C.O. T. Sawyer, and Commissioner Hearing Officer Eric Gutwein, alleging claims for violations of his due process rights under the Fourteenth Amendment, and for deliberate medical indifference and excessive force under the Eighth Amendment. (Compl., ECF No. 2.) On January 14, 2020, after Defendants moved to partially dismiss all of Plaintiff's claims with prejudice, except his excessive force claim against Sawyer, the Court granted in part, denied in part the motion—dismissing Plaintiff's deliberate medical indifference claim against Bentivegna with leave to replead, and dismissing the claims against Griffin and Gutwein with prejudice. (ECF No. 38.)

    On February 20, 2020, Plaintiff filed an Amended Complaint, only alleging a deliberate medical indifference claim against Bentivegna and an excessive force claim against Sawyer, both under the Eighth Amendment. (ECF No. 40.) Sawyer filed his Answer to Plaintiff's excessive force claim on March 6, 2020. (ECF No. 42.) After Bentivegna moved to dismiss Plaintiff's claim against him with prejudice, the Court granted his motion. (ECF No. 53.) Presently pending before the Court is Plaintiff's request for *pro bono* counsel, dated October 22, 2021. (ECF No. 114.) For the following reasons, Plaintiff's request for *pro bono* counsel is DENIED.

## LEGAL STANDARD

Unlike in criminal proceedings, the Court does not have the power to order attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, under 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel *in pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61. If these threshold requirements are met, the Court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an threshold matter, the Court notes that Plaintiff is already proceeding IFP after the Court granted his application on May 22, 2018 (ECF No. 4). Thus, as Plaintiff is an indigent litigant, he qualifies for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1).

To date, the only surviving claim from Plaintiff's Amended Complaint is his § 1983 claim for excessive force under the Eighth Amendment against Sawyer. (Am. Compl., ECF No. 40.) Sawyer already filed an Answer, generally denying all allegations and wrongdoing, and asserting qualified immunity and lack of jurisdiction as affirmative defenses. (Answer, ECF No. 42.)

However, in determining whether Plaintiff's excessive force claim is likely to be of substance under *Hodge*, after reviewing the present record related to such claim, which is comprised principally of Plaintiff's Amended Complaint and Sawyer's Answer, the Court is unable to gauge the merits of his claim. Notably, the record shows that Sawyer has twice declined to move to dismiss Plaintiff's excessive claim against him. (*See, e.g.*, ECF No. 27 (former Defendants' motion requesting leave to file motion to dismiss Plaintiff's Complaint)); *Ayuso v. Bentivegna*, No. 18 CIV. 3419 (NSR), 2021 WL 2535535, at *1 n.1 (S.D.N.Y. June 21, 2021) ("CO Sawyer did not move to dismiss the Amended Complaint."). Hence, the plausibility of Plaintiff's excessive force claim has yet to be tested. Put another way, as it stands to the day, this case has effectively not progressed beyond the pleading stage. Accordingly, the Court denies Plaintiff's motion to appoint counsel without prejudice and with leave to re-file a subsequent motion at a later stage of litigation.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's request for *pro bono* counsel without prejudice. Plaintiff may renew his motion at a later stage of the litigation. The Clerk of the Court is kindly directed to mail a copy of this Order to pro se Plaintiff at the address listed on ECF and show proof of service on the docket. The Clerk of Court is further directed to terminate the motion at ECF No. 55.

Dated: February 25, 2022
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge