UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS AYUSO,

                Plaintiff,

    -against-

CORRECTION OFFICER T. SAWYER,

                Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2023

18 Civ. 3419 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Marcus Ayuso, proceeding *pro se*, commenced this 42 U.S.C. §1983 action against Defendant Correction Officer T. Sawyer (together, the "Parties") alleging excessive force under the Eight Amendment. Before the Court is Defendant's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 74.) For the following reasons, the Court dismisses the action without prejudice.

## BACKGROUND

    On February 20, 2020, Plaintiff filed an Amended Complaint, alleging a deliberate medical indifference claim against former defendant Dr. R. Bentivegna and an excessive force claim against Defendant Sawyer, both under the Eighth Amendment. (ECF No. 40.) On March 6, 2020, Defendant filed his Answer to Plaintiff's excessive force claim. (ECF No. 42.) After Bentivegna moved to dismiss Plaintiff's claim against him with prejudice, the Court granted his motion, leaving only Plaintiff's claim against Defendant for excessive force. (ECF No. 53.) In its Opinion & Order, the Court directed the Parties to submit a Proposed Case Management Plan, which Plaintiff filed on July 1, 2021 and Defendant filed on July 21, 2021. (*Id.*; ECF Nos. 54, 56.) On February 25, 2022, because some dates had passed in the Parties' Proposed Case Management Plans, the Court ordered the Parties to submit an Amended Case Management Plan. (ECF No. 65.)

1

On March 9, 2022, Defendant notified the Court that Plaintiff was deceased and attached a redacted copy of the Certificate of Death. (ECF No. 67.) The Certificate of Death indicates Plaintiff died on October 20, 2021. (*Id.*) In his letter, Defendant also stated that he spoke with Plaintiff's sister Rose Ayuso, who was listed as Plaintiff's emergency contact at Otisville Correctional Facility where he was incarcerated at the time of his death. (*Id.*) According to Defendant, Ms. Ayuso told Defendant that Plaintiff was unmarried with no children. (*Id.*) Defendant further indicated that Plaintiff did not have an estate. (*Id.*) On April 14, 2022, Defendant filed a Suggestion of Death on ECF, as well as affidavits of service of the Suggestion of Death and Certificate of Death on both Ms. Ayuso and Plaintiff. (ECF Nos. 69-71.) On February 24, 2023, Defendant requested via letter leave to file a motion to dismiss (ECF No. 72), which the Court granted that same day. (ECF No. 73.)  On February 27, 2023, the Clerk of the Court attempted to mail the Court's February 24 Order to Plaintiff, but it was returned to sender. (Minute Entries 02/27/2023; 03/16/2023.) On May 11, 2023, Defendant filed this motion to dismiss (ECF No. 74), memorandum of law in support (Def. Mem., ECF No. 75), and a letter informing the Court that Defendant was not served any opposition papers and that he thus did not intend to file a Reply brief. (ECF No. 76.) The letter indicated Defendant (1) spoke with Ms. Ayuso regarding the motion papers, (2) emailed Ms. Ayuso a copy of the motion papers, and (3) mailed a copy of the motion papers to Ms. Ayuso, but they were returned as "unable to forward." (*Id.*) Defendant seeks to dismiss the action on the grounds that Plaintiff died while the action was pending and Plaintiff has not served Defendant with a notice of motion for substitution. (Def. Mem. at 4.)

## LEGAL STANDARD

Under New York law, claims arising under 42 U.S.C. 1983 "survives the death of the plaintiff and may be asserted or continued by the deceased plaintiff's personal representative." *Chobot v. Powers*, 169 F.R.D. 263, 265 (W.D.N.Y. 1996) (citation omitted). A personal

2

representative pursuing claims on behalf of a deceased plaintiff's estate must timely move for substitution of the parties. *Id.* at 265-66. Specifically, Rule 25(a)(1) provides in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

A statement of death is properly served on a *pro se* Plaintiff at his last known address and on the Clerk of the Court. *Chobot*, 169 F.R.D. at 267. Rule 25(a)(1) "does not require that the statement [of death] identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). Once the *pro se* Plaintiff has been properly served in accordance with Rule 5 of the Federal Rules of Civil Procedure, a party or the decedent's personal representative must file a motion for substitution within 90 days, or the action shall be dismissed. *Izzarry v. Sullivan*, No. 87 CIV. 8502 (SWK), 871989 WL 74410, at *1 (S.D.N.Y. June 29, 1989).

## DISCUSSION

On April 14, 2022, Defendant properly served the Suggestion of Death, and as of the date of this Opinion & Order, neither a party or non-party has filed a motion for substitution. Thus, dismissal is proper. Defendant mailed a copy of the Suggestion of Death to Plaintiff's last known address and to the address of Plaintiff's emergency contact Ms. Ayuso in accordance with Rule 5. Moreover, Defendant states he notified Ms. Ayuso of the pending action and his filing of a motion to dismiss. Since notifying her, Ms. Ayuso has not filed a motion for substitution or sought an extension of time to file a notice or otherwise responsive papers. Given that Plaintiff has been deceased for over two years, and Defendant served Ms. Ayuso over a year ago, the Court dismisses the action pursuant to Federal Rule of Civil Procedure 25(a)(1). *See Izzarry*, 1989 WL 74410 at *

1 (dismissing deceased plaintiff's action because defendant served the suggestion of death in compliance with Rule 5 and no motion to substitution was made within 90 days).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss without prejudice. Defendant is kindly directed to mail a copy of this Order to *pro se* Plaintiff and Ms. Ayuso and show proof of service on the docket. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 74 and to terminate the action.

Dated: November 28, 2023
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge